The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Berger. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement as
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. Plaintiffs exhibits 1-18 from the evidentiary hearing that took place before Bernard Alston on March 6, 1996 were received into evidence.
3. The parties stipulated that the transcript of the hearing before former Deputy Commissioner Bernard Alston could be received into evidence if the undersigned denied defendants motion to dismiss.
4. On March 4, 1993, plaintiff sustained an injury by accident while visiting her employer, Elizabeth Stevenson, at the hospital.
5. On March 22, 1993, Elizabeth Stevenson sustained her death.
6. On April 8, 1993, a Form 18 was submitted by the plaintiff identifying Elizabeth Stevenson as the defendant in this workers compensation claim.
7. During December 1994, an amended Form 18 was filed with the Industrial Commission identifying Kenneth Bateman as the defendant in this action.
8. On July 12, 1995, former Deputy Commissioner Lawrence Shuping rendered an Opinion and Award denying plaintiffs claim against Kenneth Bateman.
9. On or about August 11, 1995, plaintiff submitted a Form 33 hearing request seeking to initiate an action against the estate of Elizabeth Stevenson for the March 3, 1993 injury sustained by the plaintiff.
***********
 ADDITIONAL EXHIBITS
1. A court order establishing Kenneth Bateman as the administrator for Elizabeth Stevensons estate was marked as defendants exhibit 1 and received into evidence.
***********
Based upon the foregoing stipulations, the Full Commission concludes as follows
 CONCLUSION OF LAW
Plaintiff failed to timely file a claim against the estate of Elizabeth Stevenson within the two year period following March 4, 1993. The Industrial Commission lacks jurisdiction to hear this claim. N.C.G.S. 97-24.
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission adopts the holding of the Deputy Commissioner and enters the following
 ORDER
Plaintiffs claim against the estate of Elizabeth Stevenson is Hereby, and the same shall be DENIED.
This the ___ day of April 2000.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER